IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**DYNPORT VACCINE CO. LLC,**         *

   Plaintiff                             *

   v.                                         *     CIVIL NO. JKB-14-2921

**LONZA BIOLOGICS, INC.,**           *

   Defendant                          *

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Lonza Biologics, Inc.'s ("Lonza") motion to stay proceedings. (ECF No. 34.) The motion has been briefed (ECF Nos. 37, 38), and no hearing is necessary, Local Rule 105.6 (D. Md. 2014). The motion will be denied.

This case involves a claim by Plaintiff Dynport Vaccine Company, LLC ("Dynport"), that Lonza breached a contract to manufacture a botulinum neurotoxin vaccine. Dynport had a prime contract with the United States Government to supply the vaccine to the U.S. military, and Dynport had subcontracted with Lonza for the vaccine's manufacture. (Am. Compl. ¶ 1, ECF No. 21.) Lonza allegedly failed to perform the contract in a timely manner, so Dynport terminated Lonza's contract and transferred the vaccine development program and relevant technology to another company. (*Id.* ¶ 2.) Dynport has claimed millions of dollars in damages caused by Lonza's alleged breach. (*Id.* ¶¶ 2-3.)

Previously, after Lonza filed an answer and counterclaim to the amended complaint (ECF No. 27), the Court entered a scheduling order, which includes a discovery deadline of April 30, 2016 (ECF No. 30). Shortly after a settlement conference was scheduled for February 16, 2016

(ECF No. 33), Lonza filed this motion to stay proceedings. According to Lonza, Dynport has pursued, through federal government administrative channels, a claim that the Government is required under the prime contract to pay the costs of the technology transfer from Lonza to another subcontractor. (Mot. Stay Supp. Mem. 1.) Lonza asserts that the administrative appeal should be allowed to play out without this case proceeding. Lonza contends "there is a strong likelihood that the same factual and legal issues may arise and/or be decided upon" in this case and the matter pending before the Armed Services Board of Contract Appeals ("ASBCA"). Thus, Lonza posits judicial resources will be conserved and the Court will avoid reaching a decision in conflict with the ASBCA. (*Id.*) Lonza's argument is unpersuasive.

The Court has inherent, discretionary power to stay a case in order to control its own docket. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Whether a stay should be ordered requires consideration of the economy of time and effort for the Court, counsel, and litigants, and the competing interests must be weighed and kept in proper balance. *Id.* at 254-55. A party seeking a stay must demonstrate a pressing need for one, *id.* at 255, and, further, that the need for a stay outweighs any possible harm to the nonmovant. *Elite Const. Team, Inc. v. Wal-Mart Stores, Inc.*, Civ. No. JKB-14-2358, 2015 WL 925927, at *3 (D. Md. Mar. 2, 2015). Three factors should be considered in weighing a motion to stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Davis v. Biomet Orthopedics, LLC¸* Civ. No. JKB-12-3738, 2013 WL 682906 (D. Md. Feb. 22, 2013) (citations and internal quotation marks omitted).

Lonza has failed to demonstrate a pressing need for a stay. The proceeding before the ASBCA will determine whether the Government must, under the prime contract, bear Dynport's

cost of technology transfer from Lonza to another vaccine manufacturer. That proceeding will not decide whether Lonza breached its subcontract with Dynport. Certainly, facts relating to Lonza's performance under the subcontract may bear upon the ASBCA's determination, but Lonza has advanced no case law for binding this Court to any factual finding by the ASBCA when that factual finding is merely tangential to the issues directly before the ASBCA. Furthermore, the Basic Ordering Agreement ("BOA"), relied upon by Lonza for the notion that any factual and legal rulings by the ASBCA will somehow bind this Court, has an additional provision that seems to circumscribe that contention. Specifically, the BOA states, "[T]he Subcontractor shall not be bound by any such Contracting Officer's decision, Appeal Board's decision, or judgment *if such is not determinative of an obligation imposed upon the Subcontractor under this BOA, or any amendment thereto.*" BOA H.11.2.6.1 (emphasis added) (ECF No. 34-3). Lonza has not convincingly argued that the proceeding before the ASBCA will be determinative of an obligation imposed upon Lonza under the BOA.

In addition, it is not improper for Dynport to assert inconsistent theories of who bears the technology transfer costs or even that the costs should be borne jointly and severally. In this regard, Dynport has contended that even if the ASBCA rules the Government must bear the technology transfer costs, it will still be necessary for a factual determination to be made as to what those costs are—a matter directly at issue in this proceeding. If the ASBCA does not make that determination, as Dynport indicates it will not (Pl.'s Opp'n 5), it would not be inconsistent for this Court to make the damages determination after determination of the liability issue. Thus, no judicial economy would be achieved by staying the case. Further, Lonza has failed to show it will be subjected to hardship if a stay is not issued, given the very different issues at stake

between the two proceedings. Finally, an indeterminate stay while the ASBCA appeal is resolved will surely prejudice Dynport's efforts to achieve prompt resolution of the instant case.

In light of the foregoing, a stay of the instant proceedings is not justified. Accordingly, IT IS HEREBY ORDERED that Lonza's motion to stay proceedings (ECF No. 34) IS DENIED.

DATED this 1st day of October, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge